*First Judicial District.*

## In the Court of Common Pleas of Philadelphia.

### PAYNTER *et al. v.* CLEGG *et al.*

An injunction will not be continued against a corporation merely because a dispute has arisen as to the election of directors who have not yet even taken their seats.

Opinion delivered December 20, 1873, by

PAXSON, J. This was a motion to continue a special injunction. The act of 16th June, 1836, conferring equity powers upon the Courts, expressly provides, that they shall have "The supervision and control of all corporations other than those of a municipal character." To what extent and in what manner such jurisdiction shall be exercised must, in many instances be determined by the sound discretion of this Court, under the circumstances of the particular case.

We will not stop to inquire whether, as was suggested by the learned counsel for the plaintiffs, our supervision of private corporations is of a paternal character. A case might perhaps arise of such confusion in the affairs of a corporation as would justify the court in interfering in a paternal spirit for the common good, and staying the hands of a party or di-

vision of its members until order could be restored. We do not see any thing in the affairs of this Building Association to indicate that it has fallen into hopeless confusion. That some feeling exists among a portion of the members, and that there is a pending contest over the election for Secretary and two members of the board of directors is apparent. An injunction is not the remedy for the latter difficulty. It would strike this corporation as with paralysis, suspending the collection of its dues and the transaction of its ordinary business during the tedious progress of a suit in equity. And for what end? merely to settle a dispute as to the election of the secretary and two out of the twelve directors.

The plaintiffs have not only mistaken their remedy, but they have been premature. The evils complained of are only threatened. The directors, as to whose election the dispute has arisen, have not yet been admitted to their seats in the board ; we cannot assume in advance that they ever will be admitted in violation of law and the rights of other corporators. If, hereafter, any person shall be found usurping the functions of an officer of this corporation, the writ of quo warranto is a convenient and fitting remedy. The Supreme Court decided, in Updegraff *v.* Crans, 11 Wright, 103, that it was the appropriate statutory remedy, and ousted the equity jurisdiction of the court. It has the advantage of not bringing the entire business of the corporation to a stand still pending an unimportant election contest.

A bill in equity is not a panacea. It is a specific remedy, to be administered only in particular cases.

The motion to continue the special injunction is denied.

*C. H. Gross* and *Thos. F. Barger*, Esqs., for plaintiff; *E. Spencer Miller*, Esq , for defendant.